**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

F.F., a minor, by and through her next friend and father, JAMES ELLARD FISHER, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

VALLEY VIEW COMMUNITY UNIT SCHOOL DISTRICT 365U, DR. KEITH WOOD, in his official capacity as Superintendent of Schools for the Valley View Community Unit School District 365U, and DR. JASON PASCAVAGE, in his official capacity as Principal of Bolingbrook High School,

Defendants.

Case No. 1:25-cv-9112

Judge: Sharon Johnson Coleman

**NAMED PLAINTIFF F.F.'s MOTION TO ALTER OR AMEND JUDGMENT, OR IN THE ALTERNATIVE, FOR STAY PENDING APPEAL**

This motion relates only to that part of the Court's memorandum opinion and order of July 13, 2026 (ECF 61, at 14–15), in which the Court denied named Plaintiff F.F.'s motion to continue proceeding under her initials (ECF 55). For the reasons set out below, named Plaintiff F.F. respectfully requests the Court to alter or amend that ruling, or failing that, stay its enforcement pending appeal.

## I. INTRODUCTION

As F.F.'s motion explained, when this action got underway, she was a minor, and pursuant to Federal Rule of Civil Procedure 5.2(a)(3), "F.F.'s full name was redacted and replaced by her initials in all public filings." (ECF 55, at 1). During the course of the litigation, however, F.F. turned eighteen. "Because F.F. is now an adult in the eyes of the law, that rule no longer applies on a

*prospective basis*." (*Id*. (emphasis added)). In her motion, and for the reasons set out in it (*id.* at 3–4), F.F. sought leave to continue using her initials, a request the Court denied, stating that "Plaintiff shall disclose her true legal name in the caption and all subsequent filings, consistent with Federal Rule of Civil Procedure 10(a)." But all the events at issue in this action took place while F.F. was still a minor and would presumably remain covered by Rule 5.2(a)(3) even after she turned eighteen. Because the Court did not address that argument, and because there doesn't appear to be any controlling Seventh Circuit authority on the issue, F.F. requests the Court to reconsider its ruling.

If the Court elects not to do so, that ruling would become immediately appealable under the Seventh Circuit's interpretation of the collateral order doctrine. *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376 (7th Cir. 2016). But unless enforcement of the Court's ruling is stayed, an appeal would be rendered moot, defeating the very purpose for which the Seventh Circuit made such rulings immediately appealable. *See id.* Accordingly, F.F. requests that the Court stay its ruling denying her leave to continue proceeding under her initials until disposition of her appeal of that ruling.

## II. MOTION TO ALTER OR AMEND JUDGMENT

Under Federal Rule of Civil Procedure 59(e), a motion to alter or amend "must be filed no later than 28 days after the entry of the judgment." If timely filed, a motion seeking reconsideration of a prior ruling should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). This motion, being filed within 28 days of the Court's memorandum opinion and order (ECF 61), in which it denied F.F. leave to continue proceeding under her initials, should therefore be treated as a motion under Rule 59(e) to alter or amend that denial.

The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (cleaned up). Relief pursuant to a Rule 59(e) motion to alter or amend judgment is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

In denying named Plaintiff F.F.'s motion (ECF 55), the Court cited three Seventh Circuit cases, in none of which the actions accrued when the respective plaintiffs seeking anonymity were minors. (ECF 61, at 14–15 (citing *Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491 (7th Cir. 2024); *Roe v. Dettelbach*, 59 F.4th 255, 259–60 (7th Cir. 2023); *E.A. v. Gardner*, 929 F.3d 922, 926 (7th Cir. 2019)). The Court's memorandum opinion and order also discussed a Third Circuit case, which it characterized as "neither binding nor persuasive on this Court" (ECF 61, at 15), and one which F.F. herself had cited in her motion (ECF 55, at 2), *Ricketts v. Titusville Area Sch. Dist.,* 150 F.4th 634, 636 (3d Cir. 2025).

To be sure, as the Court pointed out, that Third Circuit case "dealt with an action arising out of [a] teacher's alleged sexual assault of [a] student, the circumstances of which could not be farther [*sic*] from the facts of the present case." (ECF 61, at 15). But F.F. had cited the case in her motion for the proposition that "minors who reach adulthood during the course of litigation may be able to justify such treatment [of proceeding under their initials] as a result of their continuing interests in avoiding the embarrassment, stigma, and potential for retaliation that can attend public disclosure." *Ricketts,* 150 F.4th at 636. In other words, if the action had accrued when a plaintiff

was a minor, "embarrassment, stigma, and potential for retaliation" can all be grounds for continuing to proceed under initials after that plaintiff turns eighteen. And as the citation signal in F.F.'s motion indicated (ECF 55, at 2), *Ricketts* collected several cases in support of that proposition.

Indeed, one of those cases itself marshaled several other authorities to point out that "courts treat plaintiffs who were minors when their claim accrued differently because society has a transcendent interest in safeguarding the physical and psychological well-being of a minor." *Katie M. & A.M. v. Aetna Life Ins. Co.*, 2025 WL 934458, at *1 (D. Utah Mar. 27, 2025) (cleaned up) (quoting, among other authorities, *Maryland v. Craig*, 497 U.S. 836, 855 (1990) and *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 607 (1982)).

Surveying a host of district court cases, *Katie M.* concluded that "a plaintiff's minority status is at all times relevant and a consensus of district courts favor[s] permitting anonymity for plaintiffs who were minors at claim accrual." 2025 WL 934458, at *2 (cleaned up). Doing otherwise would violate "[t]he spirit of Rule 5.2(a)(3) . . . by making a minor's personal information publicly available" after she turns eighteen. *Id.* (cleaned up). The court explained, "since minors often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them, they may make choices during the formative years of childhood and adolescence that could burden them as adults." *Id.* at *1 (cleaned up).

Notably, *Katie M.* involved "ERISA claims . . . arising from . . . failure to provide coverage for . . . treatment on the basis that the treatment was not medically necessary," *id.* at *1, a subject matter just as far afield from the alleged sexual assault in *Ricketts* as the sex-discrimination claims at issue here.

Even more significant, no Seventh Circuit case seems to hold that the policy goals embodied in Rule 5.2(a) suddenly cease being relevant the instant the clock strikes midnight on a minor plaintiff's eighteenth birthday. Arguably, the text of Rule 5.2(a)(3) would continue to encompass filings relating to events that took place when the plaintiff was a minor. The rule states that in any filing, "the name of an individual known to be a minor" should be redacted and replaced by "the minor's initials." Fed. R. Civ. P. 5.2(a). A defensible reading of that text suggests that the redaction requirement applies to any "individual then known to be a minor," with the temporal modifier "then" referring to the time of the events underlying a filing rather than the time of the filing.

Ironically, that reading is supported by at least one of the cases that the Court's memorandum opinion and order cited in support of denying F.F. leave to continue proceeding under her initials. In *Trs. of Ind. Univ.*, 101 F.4th at 491, the Seventh Circuit acknowledged, "One justification for anonymity is youth. Fed. R. Civ. P. 5.2(a)(3) requires the use of initials rather than names for minors." The Court of Appeals highlighted that the anonymous plaintiff in that case "is well into his adult years," adding pointedly that "the events in question occurred while he was a medical student," *id.*, and therefore comfortably over eighteen years of age. It stands to reason that if "the events in question" had occurred while he was a minor, Rule 5.2(a)(3) might well have continued to require anonymity.

The Court's ruling denying F.F. leave to continue proceeding under her initials runs counter to this reading of Rule 5.2(a)(3), and more importantly, to the weight of the authorities discussed above. As such, it constitutes a "manifest error of law," *Beyrer*, 722 F.3d at 954, qualifying for the "extraordinary remed[y] reserved for the exceptional case." *Foster*, 545 F.3d 582. Named Plaintiff F.F. therefore requests that the Court "alter or amend judgment" under Rule 59(e) and allow her to

continue proceeding under her initials. If the Court disagrees, F.F. requests, in the alternative, that the Court stay enforcement of its denial of her motion, until disposition of F.F.'s appeal of that denial.

## III. ALTERNATIVE RELIEF—MOTION TO STAY

The Seventh Circuit, along with every other circuit to have considered the issue, has concluded that "denials of motions for leave to proceed anonymously are immediately appealable." *Vill. of Deerfield*, 819 F.3d at 376; *see also Doe v. Coll. of New Jersey*, 997 F.3d 489, 494 (3d Cir. 2021) ("We therefore join the Fourth, Fifth, Seventh, and Ninth Circuits in concluding that orders denying motions to proceed anonymously are immediately appealable under the collateral order doctrine.").

In the event that the Court adheres to its initial ruling denying F.F. leave to continue proceeding under her initials, F.F. intends to appeal that ruling immediately. Under that scenario, F.F. requests that the Court stay enforcement of its ruling to avoid rendering her appeal moot at the very outset.

Federal Rule of Civil Procedure 62(d) authorizes a district court to stay enforcement of a judgment pending appeal. *See generally* 16A *Fed. Prac. & Proc. Juris.* § 3954 (5th ed.), Westlaw (updated Apr. 2026). Under this rule, courts consider the four so-called *Hilton* factors in determining whether to grant a stay pending appellate review: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *See Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

For staying the denial of a motion to proceed anonymously pending appeal, however, "one last consideration the Court must make is whether there would be any prejudice to the judicial system as a whole." *Doe v. Univ. of S. Ind.*, 2024 WL 3495077, at *2 (S.D. Ind. July 22, 2024). And this concern generally weighs heavily in favor of granting a stay, overwhelming any countervailing considerations under the traditional four *Hilton* factors. *Id.*

In *Univ. of S. Ind.*, 2024 WL 3495077, the district court stayed its ruling denying leave to continue proceeding anonymously based largely on this concern of "prejudice to the judicial system as a whole," which merely reflects the systemic impact of the irreparable injury absent a stay to the applicant under the second *Hilton* factor. The court granted a stay, even though the other three *Hilton* factors weighed against the anonymous applicant in that case, John Doe.

Comparing the court's weighing of the *Hilton* factors in *Univ. of S. Ind.*, 2024 WL 3495077, with F.F.'s showing here would be instructive.

In *Univ. of S. Ind.*, 2024 WL 3495077, at *2, John Doe, the anonymous applicant for a stay, "fail[ed] to provide argument regarding whether he is likely to succeed on appeal." Here, by comparison, F.F. has argued above why, under Rule 59(e), the Court should "alter or amend judgment" and allow her to continue proceeding under her initials. Those same arguments constitute a showing of why F.F. is likely to prevail on appeal. While the Court may well disagree with that contention, it cannot disagree that F.F. has made a greater showing on this factor than John Doe in *Univ. of S. Ind.*, 2024 WL 3495077, at *2, who did "not address whether he is likely to succeed on the merits but rather candidly informs the Court that if his Objection is denied, and the Magistrate Judge's Order is affirmed, he intends to appeal the issue to the Seventh Circuit."

With respect to the second *Hilton* factor, irreparable injury to the applicant absent a stay, as with John Doe in *Univ. of S. Ind.*, 2024 WL 3495077, at *2, disclosing F.F.'s full name "prior to

a ruling from the Seventh Circuit would prejudice h[er] because once h[er] name is disclosed on the court docket it is public record and any harm that ensues cannot be reversed." Thus, this second factor "weighs strongly" in F.F.'s favor. *Id.*

On the third *Hilton* factor, whether granting the stay will substantially injure the other parties interested in the proceeding, as F.F. noted in her motion, and reiterates now, Defendants "know her identity and will have full discovery rights. The School District already possesses all relevant records concerning F.F. and the challenged policies." (ECF 55, at 4). Thus, Defendants here will suffer no prejudice of any sort. In sharp contrast, in *Univ. of S. Ind.*, 2024 WL 3495077, at *2, on this third *Hilton* factor, John Doe's "failure to present argument to the Court result[ed] in waiver of that argument."

Likewise, John Doe in *Univ. of S. Ind.*, 2024 WL 3495077, at *2, "fail[ed] to discuss where the public interest lies," thus forfeiting the fourth *Hilton* factor. F.F., on the other hand, observed in her motion, and repeats here for avoidance of doubt, that the public interest in this action "can be fully served without disclosing F.F.'s identity. The use of her initials will not hinder the public's ability to follow the proceedings or understand the Court's rulings." (ECF 55, at 4). F.F. acknowledges that proceeding under her initials would not fully abide by "[t]he norm in federal litigation . . . that all parties' names are public." *Trs. of Ind. Univ.*, 101 F.4th at 491. Nonetheless, this fourth *Hilton* factor should weigh less heavily against a stay than it did in *Univ. of S. Ind.*

Finally, as in *Univ. of S. Ind.*, 2024 WL 3495077, at *2, consideration of prejudice to the judicial system as a whole should be dispositive for granting a stay here. As the Seventh Circuit observed in concluding that denials of motions to proceed anonymously are immediately appealable, "If parties were required to litigate the case through to a final judgment on the merits utilizing their true names, the question of whether anonymity is proper would be rendered moot."

*Vill. of Deerfield*, 819 F.3d at 376. That very logic—of preventing an appeal from being rendered moot at inception—requires that a district court's initial denial of the motion to proceed anonymously be stayed until appellate review of that denial has been completed.

## IV. CONCLUSION

For the reasons set out above, named Plaintiff F.F. requests that pursuant to Federal Rule of Civil Procedure 59(e), the Court alter or amend that part of its memorandum opinion and order in which it denied her leave to continue proceeding under her initials and grant such leave. Alternatively, F.F. requests that pursuant to Rule 62(d), the Court stay enforcement of that denial pending appeal.

Dated: July 16, 2026

Respectfully submitted,

/s/ Ajay Gupta
Ajay Gupta
2849 Bond Circle
Naperville, Illinois 60563
(630) 854-7194
ajguptaemail@gmail.com
N.D. Ill. Bar No. 190101
*Counsel for Plaintiff F.F. and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Ajay Gupta, an attorney, hereby state that on July 16, 2026, I electronically filed the foregoing document using the Court's CM/ECF Filing System, which will send electronic notice to all counsel of record.

/s/ Ajay Gupta
Ajay Gupta

Appendix

Unpublished Authority Cited

*Katie M. and A.M. v. Aetna Life Ins. Co.*, 2025 WL 934458 (D. Utah Mar. 27, 2025)

*Doe v. Univ. of S. Indiana*, 2024 WL 3495077 (S.D. Ind. July 22, 2024).

2024 WL 3495077
Only the Westlaw citation is currently available.
United States District Court, S.D.
Indiana, Evansville Division.

John DOE, Plaintiff,
v.
UNIVERSITY OF SOUTHERN INDIANA, Karen Nutter, Grand River Solutions, Inc., Defendants.

Case No. 3:21-cv-00144-TWP-CSW
|
Signed July 22, 2024

**Attorneys and Law Firms**

Keith W. Vonderahe, Matthew Stephen Koressel, Robert L. Burkart, Ziemer Stayman Weitzel & Shoulders LLP, Evansville, IN, for Plaintiff.

Joseph Heavrin Harrison III, William P. Kealey, Stuart & Branigin LLP, Lafayette, IN, for Defendant University of Southern Indiana.

Aj Bokeno, D. Craig Lamb, Edward M. O'Brien, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, Louisville, KY, for Defendants Karen Nutter, Grand River Solutions, Inc.

## ORDER GRANTING PLAINTIFF'S MOTION TO STAY MAGISTRATE'S ORDER PENDING FINAL DETERMINATION OF PSEUDONYM

Tanya Walton Pratt, Chief Judge

***1** This matter is before the Court on Plaintiff John Doe's ("John") Motion to Stay Magistrate's Order Pending Final Determination of Pseudonym (Filing No. 433). For the reasons stated below, John's Motion is **granted**.

### I. BACKGROUND

This case arises out of a sexual assault allegation that occurred on the University of Southern Indiana's ("USI") campus, submitted by Jane Doe against John. USI found John responsible and imposed a suspension, which became final on September 22, 2021. John initiated this action in state court (Filing No. 1-1). Contemporaneously with his state court complaint, John filed a Motion to Proceed Under Pseudonym (Filing No. 1-2 at 63-66).

On September 29, 2021, USI removed this case to federal court. Following removal, John filed a Motion for Leave to Proceed Under Pseudonym (Filing No. 15). John stated several factors considered by the Southern District of Indiana favored his use of a pseudonym. *Id.*; *see also Doe v. Purdue Univ.*, 321 F.R.D. 339, 341 (N.D. Ind. 2017). USI did not oppose the Motion (Filing No. 17). On October 8, 2021, then-Magistrate Judge Brookman granted leave to proceed under pseudonym (Filing No. 18).

In light of recent Seventh Circuit decisions, the Court ordered to parties to show cause, explaining why this case should or should not proceed under pseudonym (Filing No. 408). *See Doe v. Trs. of Ind. Univ.*, 101 F.4th 485, 491-93 (7th Cir. 2024); *see also Doe v. Loyola Univ. Chicago*, 100 F.4th 910 (7th Cir. 2024). The parties briefed the matter (Filing No. 415; Filing No. 416; Filing No. 418) and it was referred to Magistrate Judge Wildeman for a decision.

On June 11, 2024, the Magistrate Judge found that John "failed to demonstrate 'exceptional circumstances' which justify using a pseudonym" and required him to "continue his suit without the protection of a pseudonym, or, alternatively, to dismiss his case." (Filing No. 431 at 8.) John was required to file a notice with the Court no later than June 25, 2024, identifying his legal name and stated intent to continue or move to dismiss the case. *Id.* at 8-9. On June 18, 2024, John filed an Objection to the Magistrate's Order (Filing No. 432) and contemporaneously filed the instant motion for stay.

### II. LEGAL STANDARD

Different rules of procedure govern requests for stays pending appeal. *See* Fed. R. Civ. P. 62(c); Fed. R. App. P. 8(a). Under both rules, however, courts consider the same four factors when determining whether to issue a stay pending review: (1)

whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

### III. DISCUSSION

John moves the Court to stay the Magistrate Judge's Order on his use of a pseudonym pending a final determination of pseudonym applicability (Filing No. 433 at 1). John briefly describes the reasons why he should be granted a stay of the Magistrate Judge's Order. Defendants USI, Karen Nutter, and Grand River Solutions (collectively, "Defendants") did not file any response to John's Motion.[1]

***2** John does not address whether he is likely to succeed on the merits but rather candidly informs the Court that if his Objection is denied, and the Magistrate Judge's Order is affirmed, he intends to appeal the issue to the Seventh Circuit (Filing No. 433 ¶ 10). *See* *Doe v. Vill. of Deerfield*, 819 F.3d 372, 376 (7th Cir. 2016) (holding that "denials of motions for leave to proceed anonymously are immediately appealable because they meet the three elements of the collateral order doctrine"). Because John fails to provide argument regarding whether he is likely to succeed on appeal, this factor weighs against a stay.

John argues that he will be prejudiced absent a stay because he would have to "disclose or dismiss prior to a final determination per applicable law." (Filing No. 433 ¶ 12.) He contends that disclosing his name prior to a ruling from the Seventh Circuit would prejudice him because once his name is disclosed on the court docket it is public record and any harm that ensues cannot be reversed. For this reason, this factor weighs strongly in John's favor.

John also argues that staying the Order pending a final determination will not prejudice Defendants because he has proceeded under pseudonym since the filing of his original complaint on September 24, 2021. The fact that John has proceeded under pseudonym thus far does not mean that Defendants will not be prejudiced by the continued use of pseudonym, especially considering the upcoming trial date of September 9, 2024. However, Defendants fail to make this argument, or any argument related to whether the issuance of a stay of the Magistrate Judge's Order would substantially injure them.[2] Defendants' failure to present argument to the Court results in waiver of that argument. *See* *MMG Fin. Corp. v. Midwest Amusements Park, LLC*, 630 F.3d 651, 659 (7th Cir. 2011). Accordingly, this factor weighs in John's favor.

Like the first factor, John fails to discuss where the public interest lies. The norm in federal litigation is that all parties' names are public, and they have an interest in knowing the who and the how of the behavior of both judges and those who use the legal system. *Doe v. Trustees of Indiana Univ.*, 101 F.4th 485, 491 (7th Cir. 2024). *See also* *Doe v. Trustees of Indiana Univ.*, 577 F. Supp. 3d 896, 907 (S.D. Ind. 2022) ("the public's interest in the longstanding notion of openness of federal proceedings would be hampered by allowing Plaintiff to use a fictitious name"). By issuing a stay and continuing to allow John to proceed under pseudonym, the public's interest would be disregarded. This factor weighs against issuing a stay.

However, one last consideration the Court must make is whether there would be any prejudice to the judicial system as a whole. *United States v. Indiana Univ. Health Inc.*, No. 1:13-cv-02009-TWP, 2015 WL 3961221, at *6 (S.D. Ind. June 30, 2015). Should the Court decide not to issue a stay, the prejudice to the judicial system and its purpose would be significant. As discussed in *Doe v. Village of Deerfield*, requiring a party to litigate a case utilizing their true names prior to appellate review of a district court order would have no legal or practical value. 819 F.3d at 376. Alternatively, if a stay is not issued and John decides to dismiss the case, this issue before the Seventh Circuit would be moot. *Id.* For these two reasons, the issuance of a stay is appropriate.

***3** In a separate Order, the Court affirmed the Magistrate Judge's Order and gave John three options to proceed: John was **ORDERED** to (1) file a notice with the Court by no later than **Friday, July 19, 2024**, identifying his legal name and his stated intent to continue to proceed with this case in his legal name, and the Court will update the caption in the matter accordingly with a directive that the caption be so amended on all filings going forward; or (2) alternatively, by no later than **Friday, July 19, 2024**, move to dismiss his case under Federal Rule of Civil Procedure 41(a)(2); or (3) by no later

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

than **Friday, July 19, 2024,** file a Notice of Appeal of the Magistrate Judges Order in Filing No. 431. On July 18, 2024, John filed a Notice of Appeal. (Dkt. 441), accordingly, his Motion is **granted**.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** John's Motion to Stay Magistrate's Order Pending Final Determination of Pseudonym (Filing No. 433). Having affirmed the Magistrate Judge's Order and John having filed a Notice of Appeal, it is therefore **ORDERED** that the Magistrate Judge's Order (Filing No. 431) is hereby **stayed** pending a final determination of pseudonym. All other matters in this case will proceed.

**SO ORDERED.**

### All Citations

Not Reported in Fed. Supp., 2024 WL 3495077

Footnotes

1 On June 25, 2024, Defendants responded to John's Objection to Magistrate's Order (Filing No. 432). *See* Filing No. 435; Filing No. 436. Neither response addresses the factors a court should consider when deciding whether to issue a stay. More specifically, the word "stay" is not in either of the Defendants' responses. *See generally id.* Even assuming the parties believed the expedited briefing order (Filing No. 434) only applied to the Objection, the date to file a response has passed. *See* S.D. Ind. L.R. 7-1(3)(a) ("Any response is due within 14 days after service of the motion").

2 Throughout separate briefings related to the issue of pseudonymity, Defendants argue multiple reasons why John should not proceed under pseudonym but fail to address how they will be prejudiced *if* John is allowed to proceed under pseudonym. *See generally* (Filing No. 414; Filing No. 415; Filing No. 435; Filing No. 436).

End of Document

© 2026 Thomson Reuters. No claim to original U.S. Government Works.

2025 WL 934458
Only the Westlaw citation is currently available.
United States District Court, D. Utah.

KATIE M. and A.M., Plaintiffs,
v.
AETNA LIFE INSURANCE COMPANY, and the Costco Wholesale Corporation Employee Benefits Program, Defendants.

Case No. 4:24-cv-00053-AMA-PK
|
Signed March 27, 2025

**Attorneys and Law Firms**

Andrew James Somers, Brent J. Newton, Samuel Martin Hall, Brian S. King, Brian S. King PC, Salt Lake City, UT, for Plaintiffs.

Matthew S. Brahana, Scott M. Petersen, Fabian Vancott, Salt Lake City, UT, for Defendants.

MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY

PAUL KOHLER, United States Magistrate Judge

***1** The matter is before the Court on Plaintiffs' Motion to Proceed Anonymously.[1] For the reasons explained below, the Court will grant the Motion.

I. BACKGROUND

Plaintiffs Katie M. and A.M. filed ERISA claims against Defendants arising from Defendants' failure to provide coverage for A.M.'s treatment on the basis that the treatment was not medically necessary. Plaintiffs assert that A.M.'s care was medically necessary, and Plaintiffs' Complaint details the struggles A.M. experienced as a minor, including impulsive and dangerous behavior, substance abuse, depression, disordered eating, suicidality, self-harm urges, and dysregulation. Though no longer a minor, A.M. was a minor at the time Defendants failed to provide coverage. Katie M. is A.M.'s parent. The medical records and treatment at issue in this case will refer to A.M.'s struggles before the age of 18.

II. DISCUSSION

Federal Rule of Civil Procedure 10(a) requires a complaint to "name all the parties,"[2] and Rule 17(a)(1) requires an action to be "prosecuted in the name of the real party."[3] Rule 5.2(a)(3) requires a minor to be identified only by initials unless the court orders otherwise.[4] Accordingly, "[t]he use of pseudonyms concealing [adult] plaintiffs' real names has no explicit sanction in the federal rules."[5] However, the Tenth Circuit has adopted a test for identifying "exceptional circumstances" when "some form of anonymity is warranted" because an individual's privacy interest outweighs the public's interest in judicial openness.[6] To qualify as an exceptional circumstance, a case must involve (1) a matter "of a highly sensitive and personal nature," (2) a matter with "real dangers of physical harm," or (3) matter "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[7] The trial court has discretion to allow plaintiff anonymity "in light of the relevant facts and circumstances of the particular case."[8]

While Rule 5.2(a)(3) does not explicitly allow anonymous filings for adult plaintiffs, courts treat plaintiffs who were minors when their claim accrued differently[9] because society has a "transcendent interest"[10] in "safeguarding the physical and psychological well-being of a minor."[11] In addition, since "minors often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them," they may make choices "during the formative years of childhood and adolescence"[12] that could burden them as adults.[13]

***2** Rule 5.2(a)(3) recognizes this public interest in safeguarding children by protecting minor anonymity. The spirit of Rule 5.2(a)(3) would be violated by making a minor's personal information publicly available.[14] Accordingly, a

plaintiff's minority status is at all times relevant and a consensus of district courts favor permitting anonymity for plaintiffs who were minors at claim accrual.[15] In preserving minor anonymity,[16] the overwhelming majority of district courts also allow anonymity for parents acting as co-plaintiffs with minors or individuals who were minors at the time of claim accrual because identifying a minor's parents effectively disposes of minor anonymity.[17]

In addition, medical records, a category of "highly sensitive and personal" information, are also statutorily protected by the Health Insurance Portability and Accountability Act ("HIPAA"). The need to keep "individually identifiable health information" protected under HIPAA weighs in favor of allowing anonymity for plaintiffs whose medical records must be disclosed during litigation.[18]

The Court grants Plaintiffs' Motion to Proceed Anonymously in this case because (1) Rule 5.2(a)(3) intends to protect the heightened privacy needs of minors, (2) Plaintiffs' interest in proceeding anonymously outweighs the public interest in judicial openness according to the factors set forth by the Tenth Circuit, and (3) Katie M. and A.M.'s identities are known to Defendants.

First, the medical records and treatment at issue in this case refer almost exclusively to A.M.'s struggles before the age of 18. While A.M. is no longer a minor, the facts underlying this case relate to health conditions and decisions that A.M. experienced and made as a minor that, if exposed publicly, may further burden A.M. as an adult. Thus, the spirit and intent behind Rule 5.2(a)(3) weigh in favor of protecting A.M. by allowing A.M. to proceed anonymously. This protection also weighs in favor of allowing Katie M. to proceed anonymously. Requiring Katie M. to proceed as a named plaintiff would render ineffective an order allowing A.M. to proceed anonymously by effectively disposing of A.M.'s anonymity.

Second, a significant portion of the record in this case will consist of A.M.'s health information and records related to A.M.'s treatment. These records are protected from public disclosure under HIPAA. Moreover, the medical issues A.M. experienced are highly sensitive and personal in nature, constituting an "exceptional circumstance" that weighs in favor of allowing Plaintiffs to proceed anonymously.

Third, the identities of Katie M. and A.M. are known to Defendants. Accordingly, allowing Plaintiffs to proceed anonymously would not prejudice Defendants.

In sum, the public interest in knowing Katie M. and A.M.'s identities is small compared to both the individuals' interests in privacy and the public's interest in protecting minors. Thus, the Court concludes that Plaintiffs should be allowed to proceed anonymously.

III. CONCLUSION

It is therefore

***3** ORDERED that Plaintiffs' Motion to Proceed Anonymously (Docket No. 18) is GRANTED. Within fourteen (14) days, Plaintiffs must file under seal with the Court a document containing Katie M. and A.M.'s full names. The filing shall remain under seal unless otherwise ordered.

**All Citations**

Not Reported in Fed. Supp., 2025 WL 934458

Footnotes

1 Docket No. 18, filed March 5, 2025.

2 Fed. R. Civ. P. 10(a).

3 Fed. R. Civ. P. 17(a)(1).

4 Fed. R. Civ. P. 5.2(a)(3).

 © 2026 Thomson Reuters. No claim to original U.S. Government Works. 

5 *M.M. v. Zavaras*, 139 F.3d 798, 802 (10th Cir. 1998); *see also* *Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000).

6 *Femedeer*, 227 F.3d at 1246.

7 *Luo v. Wang*, 71 F.4th 1289, 1296 (10th Cir. 2023) (internal quotation marks omitted and numbers added).

8 *See* *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

9 *See* *M.V. v. United Healthcare Ins. Co.*, No. 2:23-CV-00459-JNP-JCB, 2025 WL 463308, at * 2 (D. Utah Feb. 11, 2025); *Doe v. USD No. 237 Smith Ctr. Sch. Dist.*, No. 16-CV-2801-JWL-TJJ, 2017 WL 3839416, at *11 (D. Kan. Sept. 1, 2017); *Doe v. Lewis Roca Rothgerber Christie LLP*, No. 1:20-CV-01265-KWR-LF, 2021 WL 1026702, at *2 (D.N.M. Mar. 17, 2021); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018); *William H. v. United Healthcare Ins. Co.*, No. 2:24-CV-00531, 2025 WL 441791, at *2 (D. Utah Feb. 10, 2018); *Poe v. Drummond*, No. 23-CV-177-JFH-SH, 2023 WL 4560820, at *3 (N.D. Okla. July 17, 2023); *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 09-CV-686S, 2012 WL 42248, at *3 (W.D.N.Y. Jan. 9, 2012); *J.W. v. D.C.*, 318 F.R.D. 196, 199 (D.D.C. 2016).

10 *Maryland v. Craig*, 497 U.S. 836, 855 (1990) (citing *Ginsberg v. State of N.Y.*, 390 U.S. 629, 640 (1968)).

11 *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 607 (1982).

12 *Bellotti v. Baird*, 443 U.S. 622, 635 (1979).

13 *See* *M.V.*, 2025 WL 463308, at *2 ("[C]ourts recognize the appropriateness of preventing the names of children from being disclosed past the date they reach majority, particularly where they may be burdened in adulthood by their actions as minors."); *see also* *Doe*, 2017 WL 3839416, at *11; *N.E. v. Blue Cross Blue Shield of N.C.*, No. 1:21CV684, 2023 WL 2696834, at *15 (M.D.N.C. Feb. 24, 2023).

14 *See* *M.V.*, 2025 WL 463308, at *2.

15 *See supra* note 9.

16 Fed. R. Civ. P. 5.2(a).

17 *See* *P.M. v. Evans-Brant Cent. Sch. Dist.*, No. 09-CV-686S, 2012 WL 42248, at *3 (W.D.N.Y. Jan. 9, 2012) ("[T]here is no public interest in identifying the minor child or the parent bringing suit on behalf of the child, whose identity, if disclosed, could jeopardize the child's confidentiality. Indeed, this issue is settled in this District."); *J.W.*, 318 F.R.D. at 199.

18 42 U.S.C. § 1320d-6(a)(3).

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.