UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| F.F., a minor, by and through her next friend and father, JAMES ELLARD FISHER, individually, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:25-cv-9112 |
| v. | ) ) | Judge: Sharon Johnson Coleman |
| VALLEY VIEW COMMUNITY UNIT SCHOOL DISTRICT 365U, DR. KEITH WOOD, in his official capacity as Superintendent of Schools for the Valley View Community Unit School District 365U, and DR. JASON PASCAVAGE, in his official capacity as Principal of Bolingbrook High School, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION TO ALTER OR AMEND JUDGMENT UNDER RULE 59(e)
AND FOR LEAVE TO FILE AN AMENDED COMPLAINT UNDER RULE 15(a)(2)**

This motion relates to the judgment in favor of Defendants that the Court entered July 13, 2026 (ECF 62), and only to that part of the Court's memorandum opinion and order that preceded it on the same day (ECF 61, at 1–15), in which the Court granted Defendants' Rule 12(b)(6) motion to dismiss (ECF 45–46). Although the Court's memorandum opinion and order is silent on whether the dismissal was with prejudice, it was followed in a few short minutes by the judgment in favor of Defendants. Consequently, Plaintiffs have been precluded from obtaining leave to amend the Complaint (ECF 1), leave that Rule 15(a)(2) requires to be "freely" given. Therefore, Plaintiffs now move under Rule 59(e) to alter or amend the judgment, and in particular, to vacate it, so that they may invoke Rule 15(a)(2) and obtain leave to amend the Complaint.

1

## I.  INTRODUCTION

The Complaint, filed on behalf of the proposed class by named Plaintiff F.F., alleged that Defendants' policy of granting biological males access to the female-only intimate spaces on campus based on self-declared gender preferences without objective criteria or safeguards violates both the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and Title IX of the Education Amendments of 1972, Pub. L. No. 92-318, 86 Stat. 235 (June 23, 1972), codified as amended at 20 U.S.C. §§ 1681–1688. (ECF 1 ¶¶ 1–3, 34–35, 63–78). In its memorandum opinion and order, the Court faults the Complaint for "*failing to allege* any discrimination based on sex," and accordingly, "dismisses Plaintiff's equal protection claim and her requests for injunctive relief related to that claim." (ECF 61, at 10 (emphasis added)). Likewise, with respect to the Title IX claim, the Court declares, "because Plaintiff *fails to allege* any threshold sex-based discrimination, her sex-discrimination and hostile educational environment claim under Title IX, cannot survive." (ECF 61, at 14 (emphasis added)).

But having highlighted failures in allegations in the Complaint, the Court's memorandum opinion and order says nothing—one way or the other—about allowing Plaintiffs to overcome those failures. The Court does not suggest that Plaintiffs cannot overcome them. Nor does the Court mention that it is dismissing the Plaintiffs' claims with prejudice. But barely five minutes after this memorandum opinion and order hit the docket on July 13, 2026 (ECF 61), the judgment in favor of Defendants was entered (ECF 62), accompanied by a "Case Closed" warning.

According to controlling Seventh Circuit authority, this simultaneous granting of a motion to dismiss and entry of final judgment was error because it deprived Plaintiffs of even "one opportunity to try to amend" the Complaint. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 519 (7th Cir. 2015) (collecting cases). Notably, since it was

filed August 1, 2025 (ECF 1), the Complaint was never amended. The Court should therefore grant this Rule 59(e) motion for post-judgment relief, reviewing it under the liberal Rule 15(a)(2) standard, vacate the judgment, and allow Plaintiffs to amend the Complaint. *Runnion*, 786 F.3d at 521–22 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## II. LEGAL STANDARD

Generally, to succeed on a Rule 59(e) motion, the movant must establish: "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (cleaned up). Under this standard, post-judgment relief pursuant to a Rule 59(e) motion is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

"But when, as here, a district court dismisses a complaint with prejudice and is confronted with a Rule 59(e) motion to set aside the judgment, the district court 'must still apply the liberal standard for amending pleadings under Rule 15(a)(2)' and 'need not find other extraordinary circumstances' to grant the relief requested." *Reilly v. Will Cnty. Sheriff's Off.*, 142 F.4th 924, 929 (7th Cir. 2025) (quoting *Runnion*, 786 F.3d at 521).

## III. ARGUMENT

Repeatedly, and as recently as almost exactly a year ago in *Reilly*, the Seventh Circuit has made clear that "[i]n the usual course, a plaintiff whose complaint has been dismissed at the pleading stage should be given at least one opportunity to amend." *Reilly*, 142 F.4th at 929 (citing *Runnion*, 786 F.3d at 519; Fed. R. Civ. P. 15(a)).

The Seventh Circuit's words in *Runnion* itself are worth repeating here: "Ordinarily, however, a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be

3

given at least one opportunity to try to amend her complaint before the entire action is dismissed. We have said this repeatedly." 786 F.3d at 519 (collecting cases).

Similarly, the instructions in Rule 15(a)(2) about amending pleadings are unambiguous: "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

"But when a district court enters a final judgment of dismissal, amendment of the complaint under Rule 15 is not available unless the judgment is set aside or modified under Rule 59(e)." *Reilly*, 142 F.4th at 929 (citing *Runnion*, 786 F.3d at 521).

When confronted with a Rule 59(e) motion, a district court that has previously granted a Rule 12(b)(6) motion without affording the plaintiff at least one opportunity to amend must act on that Rule 59(e) motion to give effect to the liberal policy of amending pleadings embodied in Rule 15(a)(2). "A plaintiff who receives a Rule 12(b)(6) motion and who has good reason to think the complaint is sufficient may choose to stand on the complaint and insist on a decision without losing the benefit of the well-established liberal standard for amendment with leave of court under Rule 15(a)(2)." *Reilly*, 142 F.4th at 929 (cleaned up). Put simply, "a district court cannot nullify the liberal right to amend under Rule 15(a)(2) by entering judgment prematurely at the same time it dismisses the complaint that would be amended." *Runnion*, 786 F.3d at 522. If, as here, the district court does enter judgment at the same time as it grants a Rule 12(b)(6) motion to dismiss, then, when presented with a Rule 59(e) motion, that district court must apply the same standard that governs "Rule 15(a)(2) motions for leave to amend." *Id.*

Applying that standard, the Court should grant this Rule 59(e) motion, vacate the judgment, and give Plaintiffs leave to amend the Complaint. *See Reilly*, 142 F.4th at 929 ("Reilly simply should have been given an opportunity to cure any perceived defects in his complaint.").

"A complaint should only be dismissed at the pleading stage with prejudice if the court is 'certain' from the facts alleged that any amendment would be futile." *Reilly*, 142 F.4th at 930 (quoting *Runnion*, 786 F.3d at 520) (emphasis in original). More importantly, "the district court must still provide some reason—futility, undue delay, undue prejudice, or bad faith—for denying leave to amend." *Runnion*, 786 F.3d at 522 (7th Cir. 2015).

But here, as noted above, the Court's memorandum opinion and order of July 13, 2026 (ECF 61), does not even address leave to amend, let alone provide reasons for denying it. Moreover, Plaintiffs can amend the Complaint "to cure any perceived defects." *Reilly*, 142 F.4th at 929. For example, Plaintiffs can seek to develop facts and add allegations, to the extent supported by those developed facts, that the cross-sex access policy at issue here constitutes an actionable violation of the Equal Protection Clause "on the ground that its effects upon women are disproportionably [*sic*] adverse." *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 274 (1979). If Plaintiffs can plausibly allege further that such an "adverse effect reflects invidious gender-based discrimination," *id.*, then accepting those well-pleaded factual allegations as true and drawing all reasonable inferences in favor of Plaintiffs, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), the Plaintiffs' equal protection claim would withstand a Rule 12(b)(6) challenge.

For Title IX claims, the Supreme Court has held that "a private damages action may lie against the school board in cases of student-on-student harassment," provided "the harassment is so severe, pervasive, and objectively offensive that it effectively bars the victim's access to an educational opportunity or benefit." *Davis Next Friend LaShonda D. v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 633 (1999). Further, the Supreme Court has permitted Title IX liability upon a showing of actual knowledge and deliberate indifference on the part of an official with the authority to remedy discriminatory conduct. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274,

5

290 (1998); *see also C.S. v. Madison Metro. Sch. Dist.*, 34 F.4th 536, 540 (7th Cir. 2022) ("Reinforcing *Gebser*'s central instruction, we hold that the relevant school official acquires actual notice upon learning that misconduct rising to the level of sex discrimination has occurred.").

Based on the foregoing, Plaintiffs can explore and develop facts supporting allegations of "student-on-student" or peer harassment resulting from Defendants' cross-sex access policy and of Defendants' actual knowledge and deliberate indifference to such harassment, including by continuing to enforce the policy despite complaints, reports, or other indicia of harm. Such allegations, if well-pleaded and supported, would state a viable Title IX claim under the *LaShonda-Gebser* framework.

## IV.    CONCLUSION

In *Reilly*, 142 F.4th at 928, the Seventh Circuit observed, "In granting the defendants' motion to dismiss, the district court took the *unusual step* of simultaneously entering final judgment in favor of the defendants, thereby precluding Reilly from filing an amended complaint" (emphasis added). Here too, by simultaneously granting Defendants' Rule 12(b)(6) motion and entering judgment in favor of Defendants, the Court has similarly precluded Plaintiffs from filing an amended complaint. The Court should therefore remove the bar to such an amendment by granting this Rule 59(e) motion and vacating the judgment, and further grant leave under Rule 15(a)(2) to enable Plaintiffs to amend the Complaint.

6

Dated: July 16, 2026

Respectfully submitted,

/s/ Ajay Gupta
Ajay Gupta
2849 Bond Circle
Naperville, Illinois 60563
(630) 854-7194
ajguptaemail@gmail.com
N.D. Ill. Bar No. 190101
*Counsel for Plaintiff F.F. and the Proposed*
*Class*

7

**CERTIFICATE OF SERVICE**

I, Ajay Gupta, an attorney, hereby state that on July 16, 2026, I electronically filed the foregoing document using the Court's CM/ECF Filing System, which will send electronic notice to all counsel of record.

/s/ Ajay Gupta
Ajay Gupta